## (November 9, 1972)

■ JUDITH MORGAN, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 49331.) — Cross appeals from a judgment entered upon a decision of the Court of Claims in favor of the claimant on one of her nine causes of action and dismissing the other eight. The basis of respondent's claim is her confinement to, retention in, and treatment at various State mental facilities from May, 1957 to October, 1966. The Court of Claims found that on a number of occasions physical restraints were used on the respondent, wrongfully and negligently, and that beatings were inflicted upon her, and awarded her the sum of $15,000 for her personal injuries. At the same time the court rejected eight other claims of the claimant which alleged *inter alia*, that she was illegally committed, transferred and detained in the State mental facilities, that she was incompetently examined, that she was the subject of false reports, that her personal belongings were stolen and destroyed, and that she was illegally deprived of a jury trial. The instant appeal and cross appeal ensued. The State on its appeal asserts that the court in finding that the respondent was mistreated, improperly substituted its judgment for that of the physicians involved, since there is no medical evidence that the treatment was improper, and that the court relied too heavily on the respondent's testimony. Concededly each time the respondent was placed in a camisole or otherwise confined it was done directly on the orders of a physician and in response to particular conduct on the part of respondent, and there is no medical testimony that the actions involved were improper. In fact, respondent's own medical expert when asked by the court if respondent's treatment had been proper stated that he could not answer the question. As a general rule, expert medical testimony is required to establish a prima facie case of malpractice (*Morwin* v. *Albany Hosp.*, 7 A D 2d 582, 585). It is only where " the very nature of the acts complained of bespeaks improper treatment and malpractice " that there is no requirement to substantiate the impropriety of such acts by expert medical testimony (*Hammer* v. *Rosen,* 7 N Y 2d 376, 380). Here the sole support for the invocation of this exception is the respondent's lurid account about the duration and other conditions of these confinements. In our opinion the trial court should not have accepted respondent's version of the duration and conditions of her confinements. Such accounts are not supported by the hospital records and, in fact, are in many instances contrary to those records. Moreover, the reliability of the respondent's testimony is made extremely suspect by her history of fabrications and exaggeration, whether it be due to a mental illness or be deliberate, and also she is a litigious individual. Accordingly, we can find no support in the instant record for the trial court's conclusion that different restraining devices such as tranquilizers or anti-depressants should have been utilized and that physical restraints were improperly utilized. Therefore, the judgment must be reversed and the claim dismissed. We find no merit in any of the contentions raised in respondent's cross appeal and, accordingly, that portion of the judgment should be affirmed. Judgment modified, on the law and the facts, by reversing so much of the judgment as awarded the claimant $15,000 in damages for personal injuries, and cause of action upon which such award based dismissed, and, as so modified, affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur. [65 Misc 2d 978.]