■ PHILIP K. HALE, as Limited Administrator of the Estate of EDITH HALE, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 57510.)—Judgment unanimously affirmed, without costs. Memorandum: To maintain an action for injuries or wrongful death sustained while under the care and control of a medical practitioner and/or medical facility, a party may proceed upon a theory of simple negligence or upon the more particularized theory of medical malpractice *(Morwin v Albany Hosp.,* 7 AD2d 582, 584–585, and on other grounds 8 AD2d 911). The theory of simple negligence is restricted to those cases where the alleged negligent act is readily determinable by the trier of the facts on common knowledge (see, e.g., *Dillon v Rockaway Beach Hosp. & Dispensary,* 284 NY 176 [an electric light bulb left under the sheets by an attendant]; *Phillips v Buffalo Gen. Hosp.,* 239 NY 188 [application of scalding hot water bottle to a patient]). However, where it is the treatment received by the patient that is in issue, the more specialized theory of medical malpractice must be followed *(McDermott v Manhattan Eye, Ear & Throat Hosp.,* 15 NY2d 20, 24; *Pike v Honsinger,* 155 NY 201, 209–211; *Morwin v Albany Hosp.,* 7 AD2d 582, 585, *supra).* Such medical malpractice theory is based upon three component duties which a physician owes his patient, i.e., (1) a duty to possess the requisite knowledge and skill such as is possessed by the average member of the medical profession; (2) a duty to exercise ordinary and reasonable care in the application of such professional knowledge and skill; and (3) the duty to use his best judgment in the application of this knowledge and skill *(Pike v Honsinger,* 155 NY 201, 209–210, *supra).* The very nature of these specific duties requires, in most instances, that there be presented to the trier of the facts evidence from the testimony of conflicting experts *(Morgan v State of New York,* 40 AD2d 891, affd 34 NY2d 709; *Tobias v Manhattan Eye & Ear Hosp.,* 28 AD2d 972, affd 23 NY2d 724; *Morwin v Albany Hosp.,* 7 AD2d 582, 585, *supra).* As in most cases involving the conflict of testimony, the findings of the trial court should not be disturbed unless it is obvious that the trial court's conclusion could not be reached by any fair interpretation of the evidence *(Collins v Wilson,* 40 AD2d 750, 751). Analysis of the conflicting evidence adduced at trial amply sustains the trial court's resolution of the factual issues and its conclusion of nonliability on the part of respondent State. Claimant incorrectly contends that the trial court improperly ex-

cluded his counsel's initially propounded question. We find no error. The question as posed was too speculative in form and claimant's expert witness was permitted considerable latitude in responding to the court's rephrasing of it. (Appeal from judgment of Court of Claims—wrongful death.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.