*1117 OPINION OF THE COURT
Joseph P. Kuszynski, J.
All defendants herein named move pursuant to CPLR 3212 for summary judgment.
On June 4, 1972 plaintiff Joyce Goodman while operating an automobile struck a telephone pole. Her mouth hit the steering wheel and she was transported to the emergency room of the Emergency Hospital for treatment of injuries to her head, mouth, jaw and teeth.
X rays were ordered by Dr. Y. Ramone Perez of her skull and jaw. These were interpreted by Dr. Alfred H. Dobrek. After being treated she was released by Dr. Perez who referred her to her dentist and recommended that detailed dental X rays be taken. Three days after the accident, her dentist, Dr. Philip A. Galeota, reduced the jaw fracture.
The defendants physicians and hospital seek dismissal upon the grounds of lack of evidentiary proof as to any deviation from the standard of practice expected of them and that the injuries plaintiff had sustained were not proximately caused by any malpractice.
Malpractice is grounded in a deviation from an established standard of practice. (PJI 2:150.) Where at issue is the treatment received by a patient, the more specialized theory of medical malpractice necessitates expert testimony. (Hale v State of New York, 53 AD2d 1025, mot for Iv to app den 40 NY2d 804.) Thus, the overwhelming weight of authority supports the view that ordinarily expert evidence is essential to support a cause of action for malpractice against a physician or surgeon. (De Falco v Long Is. Coll. Hosp., 90 Misc 2d 164, affd 62 AD2d 1180.)
Dr. Philip A. Galeota the treating dentist who reduced the fractured jaw agrees with defendants’ course of treatment. His stated opinion is that plaintiffs injuries, more specifically the extraction of her teeth, are the result of trauma from the automobile accident and her pre-existing dental condition and not from any alleged malpractice.
Summary judgment is a drastic procedure which deprives a party of its day in court. (Andre v Pomeroy, 35 NY2d\361; Millerton Agway Co-op. v Briarcliff Farms, 17 NY2d 57.) However, for plaintiff to resist this motion, it is incumbent upon her to produce a statement from an expert which would deny defendants’ contention that their treatment was in ac *1118 cord with accepted medical standards in this professional community. This proof is necessary to support her conclusory allegation of a deviation from such standards and that the deviation proximately caused her injuries. Especially so here where the defendants have come forward and presented prima facie proof that plaintiff’s claim is without merit. (See Desmond v 20th Century Fox Record Corp., 36 AD2d 925; Blake v Gardino, 35 AD2d 1022.)
Essentially plaintiff’s claim is that the defendants had failed to timely discover on June 4 that she had a fractured jaw because improper X rays were taken and then there was an improper reading of the X rays. However, nowhere do the papers submitted by plaintiff tend to establish any nexus between the alleged malpractice, if any, and her injuries. Dr. Galeota, the oral surgeon, stated that the X-ray equipment at the Emergency Hospital is limited and therefore he had plaintiff’s jaw X-rayed at the Buffalo General Hospital which has more sophisticated X-ray equipment. He states also in his affidavit that there was no deviation from the standards and therefore no malpractice.
This court concludes that there are no triable issues. Summary judgment is granted to all defendants as this is a medical malpractice suit grounded in a frivolous claim.