■ Evelyn B. Lenny et al., Respondents, v William Loehmann, Appellant. — Order, Supreme Court, Bronx County, entered March 11, 1980, denying

defendant's motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 5), is reversed, on the law, and the motion to dismiss the complaint is granted, and the complaint is dismissed, without costs. The issue in this case is whether the two- and one-half year Statute of Limitations for medical malpractice cases (CPLR 214-a) or the three-year limitation for negligence actions (CPLR 214) is applicable. In our view the two- and one-half year medical malpractice statute is the applicable statute. It is here claimed that plaintiff, a patient of defendant, a physician, was injured when she fell out of bed in the hospital because the bed's side rails were not raised, and that defendant's physician was negligent in failing to instruct that the side rails be raised, or in failing to check the condition of the side rails after they had been put up, or to supervise plaintiff's movements to and from the bed. The alleged breach by defendant is a claim of a breach of his duty as a physician arising out of the physician-patient relationship, a breach of his duty as a physician to take care of his patient. In our view, this is a claim for medical malpractice and not a claim for ordinary negligence of a kind that would not be included within medical malpractice. It is thus barred by the Statute of Limitations applicable to medical malpractice actions. Concur — Murphy, P. J., Sandler, Ross and Silverman, JJ.

Carro, J., dissents in a memorandum as follows: Plaintiff was admitted to Westchester Square Hospital in July, 1976 by appellant, a general practitioner. On July 24, 1976, while sedated, she fell out of bed, apparently because the side bed rails were not raised. This action for personal injuries was commenced on July 18, 1979, more than two and one-half years later, after the running of the medical malpractice Statute of Limitations (CPLR 214-a) but within the three-year negligence limitation (CPLR 214). Appellant moved for an order dismissng plaintiff's complaint on the ground that it was time barred, as an action in medical malpractice. Special Term denied the motion, holding that the action appeared to sound in negligence. An action in medical malpractice should not be the exclusive remedy available for the negligence of a physcian. The underlying reason for that theory of recovery is that the subject matter is presumed to be outside the common knowledge and experience of ordinary jurors, and the inferences and facts are of such a nature as to require special knowledge or skill. Where expert opinion is not necessary, that is, where the conditions are of such character as to warrant the inference of want of care from the testimony of laymen or in the light of the knowledge and experience of the jurors themselves, then recovery should be permitted on a theory of simple negligence (*Hirschberg v State of New York*, 91 Misc 2d 590, 594). In *Hale v State of New York* (53 AD2d 1025), the court stated: "To maintain an action for injuries or wrongful death sustained while under the care and control of a medical practitioner and/or medical facility, a party may proceed upon a theory of simple negligence or upon the more particularized theory of medical malpractice (*Morwin v Albany Hosp.*, 7 AD2d 582, 584-585 * * *). The theory of simple negligence is restricted to those cases where the alleged negligent act is readily determinable by the trier of facts on common knowledge * * * However, when it is the treatment received by the patient that is in issue, the more specialized theory of medical malpractice must be followed". This reasoning seems valid. While there is a conflict in the cases as to whether the decision to use side boards or bed rails is a "medical" or "administrative" act, such a distinction seems artificial here. On these principles, there appears no valid reason a jury cannot be trusted to determine, as a question of fact, whether or not this appellant was guilty of simple negligence. The order of the Supreme Court, Bronx County, entered March 11, 1980, denying appellant's motion for an order dismissing plaintiff's complaint, should be affirmed.