OPINION OF THE COURT
Loren N. Brown, J.
By notice of motion and supporting papers, defendant Ellis Hospital moves for an order of summary judgment dismissing the complaint against it on the ground that the Statute of Limitations had expired prior to the commencement of this action.
The relevant facts are not in dispute. On March 8, 1979, the plaintiff became a patient of defendant Angerosa. She was, thereafter, admitted to Ellis Hospital on March 23, 1979. Surgery was allegedly negligently performed on the plaintiff by Dr. Angerosa, and she was released on May 16, 1979. Thereafter, Dr. Angerosa continued to treat the plaintiff at his office until October of 1981. A summons in this action was not served on Ellis Hospital until March 27, 1984.
The court finds that the action is barred by the Statute of Limitations (CPLR 214).
The plaintiff’s suit against the hospital sounds in simple negligence, rather than in malpractice. (Hale v State of New York, 53 AD2d 1025.) The alleged simple negligence is based upon the acceptance of defendant Angerosa by the hospital’s *54 credentials committee as an attending physician and its failure to properly monitor his professional activities at the hospital. Any negligent act by the hospital had to occur no later than the date of release, May 16, 1979.
Though the plaintiff points to her continuing visits to Dr. Angerosa’s office, and relies upon the continuous treatment doctrine to toll the Statute of Limitations, that doctrine applies in malpractice actions only. (McDermott v Torre, 56 NY2d 399; Borgia v City of New York, 12 NY2d 151.)
Accordingly, the motion for summary judgment is, in all respects, granted.