■ HATTIE M. STANLEY, Appellant, v LEWIS M. LEBETKIN, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Burstein, J.), dated July 17, 1985, which granted the defendant's motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff fractured her ankle while alighting from the defendant physician's examining table and commenced this action to recover for her injuries approximately two years and 11 months later. On the defendant's motion for summary judgment dismissing the complaint as time barred, the only issue is whether this action is governed by the 2½-year Statute of Limitations for medical malpractice actions (CPLR 214-a) or the three-year statute for negligence actions generally (CPLR 214). Special Term correctly concluded that this action sounds in medical malpractice and properly granted summary judgment to the defendant.

The critical question in determining whether an action sounds in medical malpractice or simple negligence is the nature of the duty to the plaintiff which the defendant is alleged to have breached (see, Bleiler v Bodnar, 65 NY2d 65; Lenny v Loehmann, 78 AD2d 813). When the duty arises from the physician-patient relationship or is substantially related to medical treatment, the breach gives rise to an action sounding in medical malpractice, not simple negligence. Those cases in which an action has been labeled as one sounding in medical malpractice because of the need for expert testimony (see, Hale v State of New York, 53 AD2d 1025; Mossman v Albany Med. Center Hosp., 34 AD2d 263; Morwin v Albany Hosp., 7 AD2d 582) are therefore irrelevant to this determination.

The complaint and bill of particulars, which provide the only statement of facts before the court, allege that the defendant was negligent in four ways: failing to supervise the plaintiff's placement on the examining table, failing "to keep her under constant surveillance in view of her complaints", failing to assist her in getting off the table, and failing to respond to her request for assistance. There is no claim that the condition of the defendant's table or premises was in any way a cause of the plaintiff's injuries.

These allegations establish that the duty the defendant is charged with violating arose from the physician-patient relationship and was substantially related to his treatment of the plaintiff. Had the plaintiff not consulted the defendant in his capacity as a physician, there would have been no reason for her to be on his examining table in the first place. It was only his awareness of her complaints, acquired in the course of that relationship, when coupled with his knowledge as a physician, which would give rise to a duty to assist her on or off the table, or to keep her "under constant surveillance *in view of her complaints*" (emphasis supplied). Such acts, if negligent, constitute malpractice *(see, Lenny v Loehmann,* 78 AD2d 813, *supra).* Only the allegation of a failure to respond to the request for assistance in getting off the table receives specific attention from our dissenting colleague, but the failure of a doctor or his employee in helping a patient from the diagnostic table is clearly related to the treatment just given, and the duty to help the patient down safely also derives from the same treatment as the doctor-patient relationship. Thus, the order granting summary judgment was correctly made. Lazer, J. P., Brown and Weinstein, JJ., concur.

Mangano, J., dissents and votes to reverse the order appealed from and to deny the defendant's motion for summary judgment dismissing the complaint as barred by the Statute of Limitations, with the following memorandum:

The plaintiff's complaint, as well as her bill of particulars, alleged, *inter alia,* that she was injured on August 17, 1981, by reason of the defendant doctor's failure to respond to her request for assistance in getting off an examination table. The majority is of the view that this allegation sounds in malpractice, and that the plaintiff's action, commenced on August 28, 1984, is barred by the 2½-year Statute of Limitations governing malpractice actions *(see,* CPLR 214-a).

I disagree with the majority's conclusion. In my view, the plaintiff's allegation in her complaint regarding the defen-

dant's failure to respond to her request for assistance in getting off the examining table sounds in ordinary negligence, and is governed by the three-year Statute of Limitations *(see,* CPLR 214).

In *Hale v State of New York* (53 AD2d 1025), the court stated: "To maintain an action for injuries or wrongful death sustained while under the care and control of a medical practitioner and/or medical facility, a party may proceed upon a theory of simple negligence or upon the more particularized theory of medical malpractice *(Morwin v Albany Hosp.,* 7 AD2d 582, 584-585 * * *). The theory of simple negligence is restricted to those cases where the alleged negligent act is readily determinable by the trier of facts on common knowledge". I fail to see any reason why a jury could not determine, as a question of fact, whether or not the defendant was guilty of simple negligence in failing to respond to the plaintiff's request for assistance in getting off the examination table, as alleged in the complaint.

Since this allegation is governed by the three-year Statute of Limitations, the complaint should not have been dismissed as time barred.