RAYMOND A. KOLANOWSKI, Plaintiff-Appellant, v. ILLINOIS VALLEY COMMUNITY HOSPITAL, Defendant-Appellee.

Third District   No. 3—88—0586

Opinion filed September 22, 1989.

Louis E. Olivero & Associates, of Peru, for appellant.

Douglas A. Gift, of Herbolsheimer, Lannon, Henson, Duncan & Reagan, of La Salle, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The plaintiff, Raymond A. Kolanowski, brought suit against the defendant, Illinois Valley Community Hospital, for injuries he alleg-

edly sustained when he fell from a bed while he was in the defendant's respite care program. The defendant filed a motion to dismiss, contending that the plaintiff had failed to file an affidavit and medical report as required by section 2—622 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—622). The trial court agreed and dismissed the suit, allowing the plaintiff 90 days to file new pleadings. The plaintiff failed to file new pleadings, and the trial court subsequently dismissed the case with prejudice. The plaintiff appeals, arguing that section 2—622 of the Code does not apply to the defendant's respite care program.

The plaintiff's complaint stated in count I that when he entered the defendant's custodial shelter care unit, the defendant knew that he was paralyzed on the left side of his body, rendering him weak, confused, helpless, and susceptible to falling from a hospital bed. It further alleged that on August 2, 1986, the defendant had left him unattended, allowing him to fall out of bed and injure himself. The plaintiff contended that the defendant was negligent in failing to properly supervise him, in failing to fix his bed so that he could not fall out of it or, at least, so that he would not be hurt by a fall, and in allowing him to get out of bed. Count II alleged that the defendant had breached its contract with the plaintiff wherein it agreed to provide him with quality care, 24-hour supervision, and skilled nursing services.

The record contains a copy of a brochure published by the defendant, stating that "Respite Care is an interval of rest or relief for families or primary care-givers of Medicare-aged recipients who need to arrange 24-hour care and supervision for a loved one living with them when they must be away from the home because of short-term business/vacation plans, personal/family commitments, or sheer exhaustion." The contract between the plaintiff and the defendant indicates that the defendant had agreed to provide respite care at the highest level offered, "skilled." Services it agreed to perform included "[m]edication administration based upon level of care and physicians' orders," "[p]rofessional supervision, observation, and treatment at the aforementioned level of care," and "[s]killed nursing services at the aforementioned level of care." The defendant also agreed to provide, as needed, prescribed medication, treatment modalities, physicians' visits, and medical supplies and equipment.

Section 2—622 of the Code provides in relevant part:

> "Healing art malpractice. (a) In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other heal-

ing art malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:

1. That *** [a] reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. *** A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit ***.

2. That the *** consultation required by paragraph 1 *** could not be obtained before the expiration of the statute of limitations. If an affidavit is executed pursuant to this paragraph, the certificate and written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint. ***

* * *

(g) The failure to file a certificate required by this Section shall be grounds for dismissal under Section 2—619." Ill. Rev. Stat. 1987, ch. 110, par. 2—622.

Section 2—1704 of the Code provides:

"Medical Malpractice Action. As used in this Part, 'medical malpractice action' means any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice. The term 'healing art' shall not include care and treatment by spiritual means through prayer in accord with the tenets and practices of a recognized church or religious denomination." Ill. Rev. Stat. 1987, ch. 110, par. 2—1704.

■■ ■ The term "healing art malpractice" is broad in scope. (*Lyon v. Hasbro Industries, Inc.* (1987), 156 Ill. App. 3d 649, 509 N.E.2d 702.) However, not every injury sustained by a patient in a hospital results from "healing art malpractice." To determine whether a complaint sounds in ordinary negligence or healing art malpractice, courts look to the evidence that will be necessary to establish the defendant's standard of care. *Edelin v. Westlake Community Hospital*

(1987), 157 Ill. App. 3d 857, 510 N.E.2d 958.

"Generally, in a medical malpractice case, plaintiff must offer expert testimony to establish the standard of care unless defendant's conduct is so grossly negligent or the treatment so common that a lay person could readily understand it." (*Edelin*, 157 Ill. App. 3d at 862, 510 N.E.2d at 961.) If, however, the standard may be established on the basis of defendant's administrative policies or other evidence short of medical expert testimony, plaintiff will be permitted to proceed with his suit on a theory of ordinary negligence. For instance, an action based on a slip and fall injury allegedly resulting from defendant hospital's negligent failure to remove or warn of water on the floor constituted an ordinary premises liability claim rather than medical malpractice claim. The standard of care in such a case is that owed by a reasonable owner or occupier of the premises to a business-invitee. (*Mooney v. Graham Hospital Association* (1987), 160 Ill. App. 3d 376, 513 N.E.2d 633.) By contrast, it has been frequently held in this State and others that the standard of care where an injury allegedly results from a hospital's failure to provide adequate restraints, including bed rails, can be established only upon expert medical testimony. Consequently, these cases are treated as medical malpractice actions subject to statutory restrictions for healing art malpractice. (See, *e.g.*, *Taylor v. City of Beardstown* (1986), 142 Ill. App. 3d 584, 491 N.E.2d 803; *Lenny v. Loehmann* (1980), 78 A.D.2d 813, 433 N.Y.S.2d 135; *Bell v. West Harrison County District* (Miss. 1988), 523 So. 2d 1031; *Howe v. Citizens Memorial Hospital* (Tex. Civ. App. 1968), 426 S.W.2d 882; *Sexton v. St. Paul Fire & Marine Insurance Co.* (1982), 275 Ark. 361, 631 S.W.2d 270.) Under this State's healing art malpractice act, failure to file the necessary affidavit and report is cause for dismissal with prejudice. Ill. Rev. Stat. 1987, ch. 110, par. 2—622(g).

■ The instant plaintiff contends that since no medical treatment was being rendered to him, he did not need to comply with section 2—622's requirements. We disagree. In advancing his argument, plaintiff relies primarily upon *Owens v. Manor Health Care Corp.* (1987), 159 Ill. App. 3d 684, 512 N.E.2d 820. In *Owens*, plaintiff complained that defendant nursing home was negligent in failing to provide adequate restraints to protect him from falling out of his wheelchair. In determining whether plaintiff's complaint was fatally defective for failure to comply with section 2—622's requirement that a written report of a health professional be attached to the complaint, the court reviewed the nature of care being provided to plaintiff in the nursing home and the direct cause of his injury. First, the court noted that

plaintiff was in the home for custodial shelter care, and not for the purpose of being restored to a normal physical or mental state. And second, plaintiff's fall did not result from any medical condition or treatment, but merely because he had tried to get out of his wheelchair. Under the circumstances, even though plaintiff had alleged that his personal physician had ordered a wheelchair restraint, the defendant's alleged negligence did not require the assessment of any healthcare professional, and expert medical testimony was not required at trial because defendant's standard of care under the circumstances was not elevated to that of a "healing art" professional. The court accordingly ruled that plaintiff's complaint sounded in ordinary negligence and could proceed to trial as such. 159 Ill. App. 3d at 689, 512 N.E.2d at 824.

Unlike *Owens*, in the case before us plaintiff was evaluated as requiring the highest level of care during his stay in the defendant's respite care program. His agreement with the defendant stated that the defendant would provide proper supervision and any needed medication, treatment, and physicians' examinations. The plaintiff's pleadings alleged that the defendant had failed to provide adequate supervision and restraints in light of his condition of partial paralysis. Plaintiff's fall, it appears, was directly related to his medical condition. As indicated above, it has been previously determined in this State that the need for bed rails in light of a patient's medical condition is not a matter of common knowledge, but requires medical knowledge, skill, and training. *Taylor v. City of Beardstown* (1986), 142 Ill. App. 3d 584, 491 N.E.2d 803.

Under the circumstances of this case, we find that the proper levels of supervision and restraint were determined by the plaintiff's medical condition and therefore involved medical judgments. Accordingly, an expert's opinion regarding the defendant hospital's standard of care would have been required at trial. We hold, therefore, that the gravamen of plaintiff's complaint alleges healing art malpractice and required strict compliance with section 2—622 of the Code. Since plaintiff failed to provide the necessary affidavit and report, the trial court correctly dismissed the cause of action.

The judgment of the circuit court of La Salle County is affirmed.

Affirmed.

HEIPLE and STOUDER, JJ., concur.