RICHARD KUS, Plaintiff-Appellant, v. SHERMAN HOSPITAL, Defendant-Appellee.

Second District   No. 2—89—1309

Opinion filed September 28, 1990.—Rehearing denied November 9, 1990.

68

DUNN, J., dissenting.

John M. Lamont, of Thompson & Lamont, P.C., of Aurora (W. Mark Masur, of counsel), for appellant.

Judith L. Hart, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Lisle, D. Kendall Griffith, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, and David P. Meyer, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Wheaton (Robert G. Black, of counsel), for appellee.

JUSTICE GEIGER delivered the opinion of the court:
The plaintiff, Richard Kus, appeals from the trial court's order granting the defendant's, Sherman Hospital's, motion to dismiss the plaintiff's negligence complaint. The defendant brought its motion to dismiss under sections 2—622 and 2—619(a)(5) of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1989, ch. 110, pars. 2—622, 2—619(a)(5)). The trial court granted the motion, finding that the plaintiff's complaint lacked the necessary affidavit attesting to the soundness of the complaint pursuant to section 2—622.
The plaintiff raises three issues in his appeal which can be summarized as follows: (1) whether the plaintiff's complaint sounds in "healing art malpractice" which would require a section 2—622 affidavit; (2) if the plaintiff's complaint sounds in healing art malpractice, then whether section 2—622 is unconstitutional; and (3) whether the trial court abused its discretion in not allowing the plaintiff an opportunity to amend his complaint to include a section 2—622 affidavit. We reverse and remand.
On July 14, 1989, the plaintiff filed a one-count complaint against the defendant alleging the following. On July 15, 1985, the defendant,

a certified institution entitled to conduct clinical investigations of intraocular lenses, admitted the plaintiff into its facilities to have Dr. Gordon Q. Vancil implant a Style 100 Americal intraocular lens into the plaintiff's left eye. Prior to the plaintiff's implant, the Federal Drug Administration (FDA) issued a July 3, 1985, order withdrawing approval of the Style 100 Americal intraocular lens. After the FDA order, but before the plaintiff's implant, Americal International Corporation (Americal), the intraocular lens manufacturer, notified the defendant of the FDA's withdrawal order.

The plaintiff alleged that the defendant was negligent in permitting Dr. Vancil to implant a Style 100 Americal intraocular lens into the plaintiff's left eye after the defendant knew of the FDA's order withdrawing approval of the lens. The plaintiff further alleged that until June 23, 1989, when the plaintiff's attorneys reviewed Americal's records pursuant to a production request from a prior pending suit against Americal, he did not know and had no reason to know that Americal had notified the defendant that the FDA had withdrawn its approval. As a result of the defendant's alleged negligence, the plaintiff lost the vision in his left eye and incurred damages.

In lieu of an answer, the defendant filed a motion to dismiss pursuant to sections 2—619 and 2—622 of the Code (Ill. Rev. Stat. 1989, ch. 110, pars. 2—619, 2—622), contending that the plaintiff's complaint lacked the proper section 2—622 affidavit (see Ill. Rev. Stat. 1989, ch. 110, par. 2—622(a)), and that the plaintiff's complaint was barred by the two-year statute of limitations (see Ill. Rev. Stat. 1989, ch. 110, par. 13—212). Attached to the defendant's motion was the plaintiff's complaint and his first amended complaint in the related case No. 88—L—0033 against Dr. Vancil and others; the complaint in case No. 88—L—0033 sounded in negligence and included a section 2—622 affidavit.

The plaintiff responded to the defendant's motion, arguing that section 2—622 was unconstitutional or, in the alternative, that section 2—622 was inapplicable to this case. As a second alternative, the plaintiff argued that, if section 2—622 were applicable, the dismissal should be without prejudice and leave to amend the complaint should be granted. The plaintiff further responded that his complaint should not be barred by the statute of limitations since he alleged that he "discovered" the alleged negligence only months before he filed this complaint, well before the applicable statute of limitations had run.

On November 21, 1989, the trial court granted the defendant's motion, holding that section 2—622 was constitutional and finding that section 2—622 was applicable to the facts of this case. During the

hearing on the defendant's motion, the trial court allowed the defendant to amend its motion to reflect that the motion was brought pursuant to Code sections 2—619(a)(9), which bars a complaint through "other affirmative matter" which defeats the claim, and 2—622, not under section 2—619(a)(5), which bars a complaint not filed within the statute of limitations (Ill. Rev. Stat. 1989, ch. 110, pars. 2—619(a)(5); (a)(9), 2—622, respectively). The defendant's motion had previously relied upon section 2—619(a)(5) of the Code. The trial court dismissed the plaintiff's action. This timely appeal followed.

Before reaching the primary issues raised on this appeal, we address two motions raised during its pendency. The plaintiff moves to amend his complaint *instanter*, and the defendant objects to the motion. The defendant moves to strike the plaintiff's reply brief, and the plaintiff responds objecting to the motion. We have taken both motions and their attendant objections with the case.

The plaintiff's motion to amend consists of his conclusory assertions that the amendment is necessary to clarify his allegations (1) that the defendant owed him a recognized duty of care; (2) that the defendant would not be prejudiced by the amendments; and (3) that the amendment is consistent with the facts pleaded in the complaint. The plaintiff attaches as "Exhibit A" to the motion a copy of his proposed first amended complaint which attaches three exhibits to the original complaint.

■ We find that, since the plaintiff has failed to follow the proper procedure for requesting relief of this kind, we cannot allow the plaintiff's amendment. Supreme Court Rule 362 provides, among other things, that motions to amend pleadings in the appellate court should be supported by affidavit and that they "must *show* the amendment to be necessary, [and] that no prejudice will result to the adverse party if the amendment sought is permitted." (Emphasis added.) See 107 Ill. 2d R. 362(b).

The plaintiff here merely concludes, without an affidavit, that the amendment is necessary and that the defendant would not be prejudiced by the amendment. Such conclusions do not comply with Supreme Court Rule 362. (See *Doherty v. Kill* (1986), 140 Ill. App. 3d 158, 165-66.) We therefore deny the plaintiff's motion.

We next address the defendant's motion that we strike portions of the plaintiff's reply brief. The defendant objects to the reply brief's mention of the plaintiff's proposed amended complaint and also contends that the brief adds an argument not raised in his appellant's brief.

■ Supreme Court Rule 341(g) provides that the "reply brief, if

any, shall be confined strictly to replying to arguments presented in the brief of the appellee and need contain only Argument." (113 Ill. 2d R. 341(g).) We find that the plaintiff's reply brief reference to *his* proposed amended complaint clarified and reiterated his opening brief's argument that section 2—622 did not apply to his complaint.

Regarding the defendant's argument that the plaintiff raised a new argument in his reply brief, we observe the following. In its brief, the defendant argued that even if the plaintiff would prevail in his argument that section 2—622 did not apply to this case, this court should affirm the trial court's decision since the plaintiff's complaint was barred under the applicable statute of limitations. We find that in the portion of the reply brief to which the defendant objects, the plaintiff merely responded to the defendant's statute of limitation argument. That response was allowed under Supreme Court Rule 341(g) (113 Ill. 2d R. 341(g)). We deny the defendant's motion to strike portions of the plaintiff's reply brief.

We now turn to the plaintiff's first-briefed issue on appeal: whether his complaint sounds in "healing art malpractice" which would require a section 2—622 affidavit. The plaintiff argues that his complaint does not fall within the purview of section 2—622 since it is a complaint sounding in "administrative hospital negligence," not a complaint sounding in healing art malpractice. Section 2—622 of the Code provides in pertinent part:

> "(a) In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney *** shall file an affidavit [supporting the soundness of the action]." Ill. Rev. Stat. 1989, ch. 110, par. 2—622(a).

In determining whether section 2—622 is applicable, the term "healing art malpractice" is to be interpreted broadly. (*Bernier v. Burris* (1986), 113 Ill. 2d 219, 226-27.) However, not every patient injury sustained in a hospital results from "healing art malpractice." (*Kolanowski v. Illinois Valley Community Hospital* (1989), 188 Ill. App. 3d 821, 823.) The term does encompass the "entire branch of learning dealing with the restoration of physical or mental health." *Lyon v. Hasbro Industries, Inc.* (1987), 156 Ill. App. 3d 649, 654.

The plaintiff argues that, since his complaint is devoid of any allegation of improper medical care and treatment by either the defendant's nurses or staff, he need not comply with section 2—622.

In *Kolanowski v. Illinois Valley Community Hospital* (1989), 188 Ill. App. 3d 821, the plaintiff presented the same argument that the

plaintiff does here. The appellate court affirmed the trial court's finding that section 2—622 was applicable where the hospital allegedly knew that the plaintiff was partially paralyzed yet did not supervise him or place proper restraints around his bed to prevent him from injuring himself. (188 Ill. App. 3d at 824.) The appellate court determined that, if the plaintiff alleges that the result of the hospital's negligence was directly related to the plaintiff's medical condition, then the gravamen of the complaint sounds in healing arts malpractice; the court then found that the proper levels of supervision and restraint were determined by the plaintiff's medical condition and, therefore, involved medical judgments which brought the claim under the Healing Arts Malpractice Act. See 188 Ill. App. 3d at 825.

■ Here, the plaintiff's complaint alleges that the defendant was negligent in allowing Dr. Vancil to perform the intraocular lens implant using a Style 100 Americal intraocular lens after the FDA had withdrawn its approval of the device. As in *Kolanowski*, the defendant's alleged negligence is based on conduct which is not measured by common knowledge, but requires medical knowledge, *i.e.*, should the treatment of the plaintiff's condition include the use of the Style 100 lens after the FDA has withdrawn its approval of the device? As such, the plaintiff must comply with section 2—622.

The second issue on appeal is whether section 2—622 is constitutional. The plaintiff argues that we should follow the case of *DeLuna v. St. Elizabeth's Hospital* (1989), 184 Ill. App. 3d 802, 810, *appeal allowed* (1989), 127 Ill. 2d 614, where the Appellate Court, First District, held that section 2—622 is unconstitutional.

■ Recently, this court, in *Premo v. Falcone* (1990), 197 Ill. App. 3d 625, rejected the *DeLuna* reasoning and relied on our prior decision in *Bloom v. Guth* (1987), 164 Ill. App. 3d 475, 478-79, which found section 2—622 to be constitutional. (*Premo*, 197 Ill. App. 3d at 633.) We find no reason to depart from the *Bloom* and *Premo* holdings, and we therefore find that the trial court did not err in holding that section 2—622 is constitutional.

■ The third issue on appeal is whether the trial court abused its discretion in dismissing the plaintiff's complaint with prejudice. The plaintiff's failure to attach a section 2—622 affidavit to his complaint does not require the trial court to dismiss the complaint with prejudice. (*McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, 192-93.) The trial court is given the discretion, within the facts and circumstances of each case, to determine whether to dismiss the plaintiff's complaint with prejudice for noncompliance with section 2—622. See *Wasielewski v. Gilligan* (1989), 189 Ill. App. 3d 945, 950.

■ A review of the facts in this case reveals that the plaintiff believed that his case was not covered under section 2—622. His first amended complaint in case No. 88—L—0033, which sounded in medical malpractice, attached a section 2—622 affidavit. Furthermore, in his response to the defendant's motion to dismiss, at the oral argument on the motion to dismiss, and in this appeal, the plaintiff asked the court for leave to file an amended complaint to include a section 2—622 affidavit if the court found it necessary to include it.

This is not a case where the plaintiff has failed to offer evidence to show good cause for the late filing of a section 2—622 affidavit. (See *Wasielewski*, 189 Ill. App. 3d at 952.) It also is not a case where the plaintiff waited before seeking to amend his complaint to add a section 2—622 affidavit. (See *Walter v. Hill* (1987), 156 Ill. App. 3d 708, 710.) To the contrary, the plaintiff continually has sought to comply with section 2—622. We thus find that the trial court abused its discretion in granting the dismissal with prejudice and not allowing the plaintiff leave to amend his complaint. See *McCastle*, 121 Ill. 2d at 194.

■ The defendant argues that since a reviewing court can affirm the trial court for any reason presented in the record (see *Beckman v. Freeman United Coal Mining Co.* (1988), 123 Ill. 2d 281, 286), we should affirm the trial court's dismissal because the complaint is barred under the statute of limitations (Ill. Rev. Stat. 1989, ch. 110, par. 13—212). We find that the defendant's argument is without merit. The trial court allowed defendant's oral request to change its section 2—619(a)(5) motion to dismiss to a motion under section 2—619(a)(9).

The record reflects that the defendant has abandoned its section 2—619(a)(5) motion. Therefore, we will not address the defendant's contention that the plaintiff's complaint is barred under the statute of limitations. See *Dubin v. Department of Registration & Education* (1942), 380 Ill. 57, 61.

For the foregoing reasons, we reverse the decision of the circuit court of Kane County and remand the cause for further proceedings.

Reversed and remanded.

UNVERZAGT, P.J., concurs.

JUSTICE DUNN, dissenting:

I respectfully dissent. The judgment of the trial court should be affirmed. I agree with the majority that plaintiff's complaint sought

recovery for healing art malpractice; therefore, a section 2—622 affidavit was necessary. I also agree with the majority's refusal to depart from the prior holdings of this court that section 2—622 is constitutional. See *Premo v. Falcone* (1990), 197 Ill. App. 3d 625, 633; *Bloom v. Guth* (1987), 164 Ill. App. 3d 475, 478-79.

I cannot concur, however, with the majority's conclusion that the trial court abused its discretion by denying plaintiff leave to amend his complaint. The trial court never ruled on plaintiff's motion for leave to amend; the dismissal order makes no mention of the motion. A review of the transcript of the November 21, 1989, hearing on defendant's motion to dismiss reveals that plaintiff's attorney never requested a ruling on the motion for leave to amend. A party's failure to seek a ruling by the trial court on a motion waives for purposes of appeal the issue of whether the trial court should have granted the motion. (*Wilson v. Gorski's Food Fair* (1990), 196 Ill. App. 3d 612, 615; *Oak Trust & Savings Bank v. Annerino* (1978), 64 Ill. App. 3d 1030, 1032.) Furthermore, because plaintiff did not attach a proposed amended complaint with the necessary section 2—622 documents to his motion, there is no proposed amended complaint in the record on appeal. This also results in waiver of the issue on appeal. See *Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 521.

The question of whether leave to amend a complaint should be granted when plaintiff has failed to comply with section 2—622 is committed to the sound discretion of the trial court. (*McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, 194.) In light of the fact that the trial court never ruled on plaintiff's motion for leave to amend his complaint, the majority has usurped the trial court's discretion by ruling that plaintiff should receive leave to amend. I believe this is inappropriate and, therefore, respectfully dissent.