2021 IL App (1st) 201144-U

FIFTH DIVISION
Order filed: June 4, 2021

No. 1-20-1144

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| DARRION BARRON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 2019 L 004580 |
| | ) | |
| KEVIN W. LUKE, M.D. and ADVOCATE CHRIST | ) | |
| HOSPITAL, | ) | Honorable |
| | ) | John H. Ehrlich, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Delort and Justice Cunningham concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Finding that both the plaintiff's complaint and his amended complaint, however characterized, were grounded in allegations of medical malpractice, we affirmed the dismissal of the plaintiff's action for failure to file an affidavit and a health professional's report as required by section 2-622 of the Code of Civil Procedure (735 ILCS 5/2-622 (West 2018)).

¶ 2    The plaintiff, Darrion Barron, appearing *pro se*, appeals from orders of the circuit court of Cook County, dismissing the instant action by reason of his failure to file an affidavit from a health care professional as required by section 2-622 of the Code of Civil Procedure (Code) (735 ILCS 5/2-622 (West 2018)) and denying his motion for reconsideration. For the reasons that follow, we affirm.

¶ 3    On April 29, 2019, the plaintiff, acting *pro se*, commenced the instant action with the filing of a complaint against the defendants, Kevin W. Luke, M.D. (Dr. Luke) and Advocate Christ Hospital (Advocate). According to that complaint, the plaintiff was shot on April 27, 2015, and brought to Advocate for treatment of a ballistic chip fracture of the right femur, where he was seen by Dr. Luke. The plaintiff alleged that Dr. Luke "coerced [him] into making the decision for surgery," and that he would not have agreed to surgery if he had been told that his patella tendon would be "sliced from the mid portion on down" and that "muscles & tissues would be removed." He also alleged that he was not made aware of the risks associated with surgery or that he would continue to suffer from post-operative pain. The complaint charged Dr. Luke with "breach of fiduciary duty, breach of an oral contract & negligence." As to Advocate, the plaintiff alleged that it: was negligent in allowing Dr. Luke to operate in its hospital; allowed Dr. Luke to "assault" him during surgery; and allowed " 'hired' contractors on their property of business to break laws." According to the complaint, as a result of the defendants' acts and omissions, he has lost wages and continues to experience pain and physical limitations. There was no affidavit or report from any health care professional attached to the complaint stating that there is a reasonable and meritorious cause for filing the action.

¶ 4    On October 22, 2019, Dr. Luke appeared and filed two motions to dismiss the plaintiff's complaint. Relevant to this appeal is Dr. Luke's motion to dismiss by reason of the plaintiff's

failure to attach to his complaint the affidavit and health professional's report required by section 2-622 of the Code. On October 30, 2019, the circuit court heard the motion and entered an order dismissing the plaintiff's complaint and granting him leave to file an amended complaint.

¶ 5    On December 18, 2019, the plaintiff filed an amended complaint, which contained essentially the same factual allegations as were contained in his original complaint. In addition, the plaintiff alleged that, in recommending and performing surgery upon him, Dr. Luke acted intentionally, motivated by financial incentives and personal gain. According to the amended complaint, the plaintiff sought recovery for: (1) "Breach of physician fiduciary duty[;]" (2) "common-law fraud[;]" (3) "theft [;]" and (4) "breach of verbal contract." The amended complaint states that the plaintiff also sought recovery against the defendants for intentional infliction of emotional distress. The plaintiff sought 5 million dollars in damages for mental anguish, pain and suffering, and "profit disgorgement." Again, there was no affidavit or report from any health care professional attached to the amended complaint stating that there is a reasonable and meritorious cause for filing the action.

¶ 6    When the matter came before the circuit court on March 4, 2020, for a case management conference, Dr. Luke moved the court to dismiss the amended complaint by reason of the plaintiff's failure to comply with section 2-622 of the Code. The plaintiff argued that he was not required to file an affidavit and health care professional's report because he was not seeking damages for medical malpractice. The circuit court entered an order stating, in relevant part, that the matter was continued to March 25, 2020, for "status on service of Amended Complaint on Defendants. If no proper service or no 2-622 reviewing health professional[']s report appended to amended complaint by 3/25/20, case to be dismissed with prejudice." (Emphasis in original.)

¶ 7    The matter was continued from time to time thereafter for case management conferences. The plaintiff never filed an affidavit or health care professional's report stating that there is a reasonable and meritorious cause for filing the action. Advocate and Dr. Luke filed separate motions pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2018)), seeking dismissal of the plaintiff's amended complaint for failing to comply with section 2-622 of the Code. Advocate also sought dismissal of the amended complaint as barred by the statute of limitations.

¶ 8    On August 19, 2020, the circuit court entered an order which provides as follows:

"This matter coming before the court on the defendants' motion to dismiss, the plaintiff having failed to comply with previous orders to supply the necessary documents to support a medical malpractice complaint, and having been ordered to supply one or face a dismissal with prejudice.

It is ordered that:

This case is dismissed with prejudice."

The plaintiff filed a motion to reconsider the order of August 19, 2020, which the circuit court denied on September 25, 2020. This appeal followed.

¶ 9    As a preliminary matter, we address Advocate's motion to strike the plaintiff's brief for its failure to comply with Supreme Court Rule 341(h) (eff. Nov. 1, 2017) and dismiss this appeal. In its brief, Advocate argues that the plaintiff's brief consists of 5 pages of unsupported statements, and is devoid of any legal arguments, fails to set forth any standard of review, and fails to contain a statement of facts necessary to an understanding of the case with appropriate references to the pages of the record. We agree.

¶ 10    As the appellant, the plaintiff was required to file a brief in compliance with Illinois Supreme Court Rule 341 (eff. Nov. 1, 2017). The procedural rules governing the content and

format of appellate briefs are mandatory. *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8. They are not advisory suggestions. Although the plaintiff filed this appeal *pro se*, he is not relieved from complying as nearly as possible with the Illinois Supreme Court Rules governing practice before this court. *Id.* ¶ 8. *Pro se* litigants such as the plaintiff are presumed to have full knowledge of applicable court rules and procedures and must comply with the same rules and procedures as would be required of litigants represented by attorneys. *In re Estate of Pellico*, 394 Ill. App. 3d 1052, 1067 (2009). "Where an appellant's brief contains numerous Rule 341 violations and, in particular, impedes our review of the case at hand because of them, it is our right to strike that brief and dismiss the appeal." *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 18.

¶ 11    Here, the plaintiff's brief failed to comply with several provisions of Illinois Supreme Court Rule 341(h) (eff. Nov. 1, 2017). The plaintiff's brief does not contain a summary statement in the table of contents of the points argued and the authorities cited in the argument as required by Rule 341(h)(1) (eff. Nov. 1, 2017). Nor does the plaintiff's brief comply with Rule 341(h)(3) (eff. Nov. 1, 2017), as it does not contain a concise statement of the standard of review of each issue raised with citation to authority. Rule 341(h)(6) (eff. Nov. 1, 2017) requires that an appellant's brief include a statement of facts, containing those facts "necessary to an understanding of the case, stated accurately and fairly *** and with appropriate reference to the pages of the record on appeal." The Statement of Facts section of the plaintiff's brief fails to set forth the facts necessary to an understanding of the case, and those facts that are set forth in the brief are argumentative and totally lacking any references to the pages of the record. Finally, Rule 341(h)(7) (eff. Nov. 1, 2017) requires that an appellant's brief contain an "Argument" section with "the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." The Argument section in the plaintiff's brief fails to contain even a single

citation of the authority relied upon or any reference to the pages in the record supporting his arguments.

¶ 12    This court is not a depository into which an appellant may dump the burden of argument and research. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 80. We are not required to search the record to determine what legal issues are involved in an appeal. *Twardowski v. Holiday Hospital Franchising*, 321 Ill. App. 3d 509, 511 (2001). Rather, we are "entitled to have briefs submitted that present an organized and cohesive legal argument in accordance with the Supreme Court Rules." *Id.*

¶ 13    As mentioned, when an appellant's brief fails to comply with the applicable Supreme Court Rules, such as the brief filed by the plaintiff in this case, we have the authority to strike the brief and dismiss the appeal. *LaGrange Memorial Hospital v. St. Paul Insurance Co.*, 317 Ill. App. 3d 863, 876 (2000). However, as both Advocate and Dr. Luke have filed briefs containing statements of fact necessary to an understanding of the case with appropriate references to the pages of the record and containing arguments addressed to the issue in this appeal with citations to authority, we elect to address the merits of this appeal despite the deficiencies in the plaintiff's brief.

¶ 14    The issue raised by the plaintiff's appeal is the propriety of the circuit court's orders dismissing this case based upon the plaintiff's failure to comply with section 2-622 of the Code and denying his motion for reconsideration. In urging reversal, the plaintiff argues that his action was not one for medical malpractice, and as a consequence, compliance with section 2-622 of the Code was not required. We disagree.

¶ 15    By its very terms, the filing requirements of section 2-622 of the Code are applicable to any "action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice." 735 ILCS 5/2-622(a)

(West 2018). Failure to comply with the filing requirements of section 2-622 "shall be grounds for dismissal under section 2-619." 735 ILCS 5/2-622(g) (West 2018). Since the trial court dismissed the plaintiff's action in response to a motion pursuant to section 2-619 of the Code, our review is *de novo*. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116, (1993). In conducting that review, we accept as true all well-pleaded facts in the plaintiff's complaint and draw all reasonable inferences from those facts which are favorable to the plaintiff. *Mackereth v. G.D. Searle & Co.,* 285 Ill. App. 3d 1017, 1074 (1996). Our function is to determine "whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." *Kedzie & 103rd Currency Exchange, Inc.*, 156 Ill. 2d at 116-17.

¶ 16    The resolution of this appeal rests upon a determination of whether the plaintiff's amended complaint sought damages for injuries by reason of alleged medical or hospital malpractice. In making that determination, we must interpret the term "malpractice" as used in section 2-622 of the Code broadly. *Bernier v. Burris*, 113 Ill.2d 219, 226-27 (1986); *Kus v. Sherman Hospital*, 204 Ill. App. 3d 66, 71 (1990). Our resolution of the issue has been made difficult by the manner in which the plaintiff's amended complaint was pled. In his amended complaint, the plaintiff asserted that he was seeking recovery for "Breach of physician fiduciary duty," "common-law fraud," "theft," "breach of verbal contract," and intentional infliction of emotional distress. However, the complaint is not divided into counts as required by section 2-603(b) of the Code (735 ILCS 5-2-603(b) (West 2018)). Rather, the amended complaint seeks recovery on each of the asserted grounds in a single count supported by the same operative facts. We will address each of the asserted claims in turn.

¶ 17    An examination of the allegations in the plaintiff's amended complaint fails to reveal any fiduciary relationship existing between the plaintiff and the defendants other than the fiduciary relationship existing between a physician and his patient. The plaintiff alleged that Dr. Luke misled him into consenting to surgery, that he failed to inform him of the extent of the recommended surgery, and that Dr. Luke never warned him of the potential risks associated with the surgery. According to the plaintiff's allegations, he never would have consented to surgery if he had been advised of the extent of the operation and the potential risks. The plaintiff did not allege that Dr. Luke operated without his consent. Rather, the plaintiff has alleged that Dr. Luke acted without his informed consent; a type of medical malpractice. *McDonald v. Lipov*, 2014 IL App (2d) 130401, ¶ 18. The plaintiff also alleged that Dr. Luke's treatment decisions "were based on a financial impact." As to this later assertion, the plaintiff alleged only that Dr. Luke "knew that the muscles, tissues, & cells from the removal of my bone marrow could be substantially valuable to Scientific researchers seeking to commercially develop cell lines."

¶ 18    The supreme court in *Neade v. Portes,* 193 Ill.2d 433 (2000) declined to recognize a cause of action for breach of fiduciary against a physician when a traditional claim for medical malpractice sufficiently addresses the same alleged misconduct (*Id.* at 445), including claims of breach of fiduciary by reason of a physician's failure to disclose financial incentives (*Id.* at 450). The breach of fiduciary claim asserted in the plaintiff's amended complaint is based upon allegations of lack of informed consent and the unsatisfactory results of the operation performed by Dr. Luke. As was the case in *Neade,* the injuries claimed by the plaintiff for breach of fiduciary are sufficiently addressed by application of traditional concepts of medical negligence, commonly referred to as medical malpractice.

¶ 19    The plaintiff's asserted claims of "common-law fraud," "breach of verbal contract," and intentional infliction of emotional distress are supported by same operative factual allegations that support his claim of breach of fiduciary; namely, that Dr. Luke misled him into consenting to surgery, failed to inform him of the extent of the recommended surgery, and never warned him of the potential risks associated with the surgery. As was the case with the breach of fiduciary claim, these claims are predicated upon factual allegations and alleged injuries falling within the traditional concepts of medical malpractice.

¶ 20    Finally, the plaintiff's amended complaint fails to allege facts supporting a claim of "theft" or conversion. As noted earlier, the plaintiff alleged that Dr. Luke "knew that the muscles, tissues, & cells from the removal of my bone marrow could be substantially valuable to Scientific researchers seeking to commercially develop cell lines." There is no allegation that Dr. Luke actually diverted the muscles, tissues, cells, or bone marrow removed from the plaintiff during his operation to researchers. If he had, however, that claim would also fall within the traditional concepts of medical malpractice. See *Neade*, 193 Ill. 2d at 450.

¶ 21    A plaintiff cannot avoid the requirements of section 2-622 by recasting what is essentially a medical malpractice claim as a claim for breach of fiduciary, fraud, conversion, breach of contract, or intentional infliction of emotional distress. The gravamen of the amended complaint in this case sounds in medical malpractice. The plausibility of any such claim under the facts alleged would require reference to standards of reasonable and customary medical practice in like circumstances. It is the operative facts and resulting injury that we look to in order to determine whether a claim sounds in medical malpractice.

¶ 22    Based on our examination of the plaintiff's amended complaint, we conclude, as did the trial judge, that the amended complaint asserts claims of medical malpractice and, as a consequence, is subject to the requirements of section 2-622 of the Code.

¶ 23    Section 2-622 of the Code requires, in relevant part, that:

"(a) In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries *** by reason of medical, hospital, or other healing art malpractice, *** the plaintiff, if the plaintiff is proceeding *pro se*, shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:

(1) That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues in the particular action; *** that the reviewing health care professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for filing such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing such action. *** A copy of the written report clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for filing the action exists, must be attached to the affidavit ***." 735 ILCS 5/2-622(a)(1) (West 2018).

Neither an affidavit nor a health professional's report was attached to the plaintiff's original or amended complaint. The failure to file the required affidavit and health professional's report,

absent exceptions not applicable to the circumstances of this case, "shall be grounds for dismissal under section 2-619." 735 ILCS 5/2-622(g) (West 2018).

¶ 24    We conclude, therefore, that the circuit court did not err when it dismissed the plaintiff's amended complaint for failure to comply with the requirements of section 2-622 of the Code. Further, as the record fails to reflect that the plaintiff sought leave to file a second amended complaint complying with the requirements of section 2-622, the circuit court did not abuse its discretion in denying the plaintiff's motion for reconsideration.

¶ 25    Affirmed.